UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELVIN C. THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CV-2138-SNLJ ) |
| CREVE COEUR POLICE DEPARTMENT, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Kelvin C. Thompson[1] for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint.

**Standard of Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it

---

[1] This case is one of thirteen cases that plaintiff has filed in this Court since July 11, 2019: *Thompson v. SS Admin. Office*, No. 4:19-CV-1922-SNLJ (filed Jul. 11, 2019); *Thompson v. Soc. Sec. Admin.*, No. 4:19-CV-2110-CDP (filed Jul. 19, 2019); *Thompson v. Soc. Sec. Admin.*, 4:19-CV-2115-CDP (filed Jul. 22, 2019); *Thompson v. FBI*, 4:19-CV-2134-SNLJ (filed Jul. 23, 2019); *Thompson v. St. Louis Metropolitan Police*, No. 4:19-CV-2139-SRC (filed Jul. 24, 2019); *Thompson v. Eckles*, No. 4:19-CV-2145-AGF (filed Jul. 25, 2019); *Thompson v. St. Louis Metro. Police Dep't*, No. 4:19-CV-2300-CDP (filed Aug. 5, 2019); *Thompson v. Marcantano*, No. 4:19-CV-2301-CAS (filed Aug. 5, 2019); *Thompson v. Normandy Police Dep't*, 4:19-CV-2307-SPM (filed Aug. 6, 2019); *Thompson v. Ferguson Police Dep't*, No. 4:19-CV-2308-SNLJ (filed Aug. 6, 2019); *Thompson v. Cool Valley Police Department*, No. 4:19-CV-2309-JAR (filed Aug. 6, 2019); and *Thompson v. Harrison*, 4:19-CV-2312-HEA (filed Aug. 7, 2019).

does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action against the Creve Coeur Police Department. He invokes this Court's federal question jurisdiction, and states he brings his case pursuant to Title VI of the Civil Rights Act of 1964, Title II of the Americans with Disabilities Act of 1990 and the

Rehabilitation Act, 18 U.S.C. §§ 241-242, 245, Title VII of the Civil Rights Act, the Civil Rights Act of 1866 (§ 1981), and 34 U.S.C. § 12601. He alleges he visited the Creve Coeur Police Department to "file a formal complaint about wire fraud, and felony stealing that occurred at the Creve Coeur Post Office on N. New Ballas located directly across from the police station and/or from the Social Security Office at 1215 Fern Ridge Pkwy in Creve Coeur." Plaintiff alleges that an officer "refused to file an official report or investigate criminal behavior at social security administration." Thereafter, plaintiff told a clerk he needed to talk to the Police Chief or to another officer, but the clerk said no one was available and to leave his number. Plaintiff alleges that no one has contacted him, and that his calls go unanswered. Plaintiff alleges that certain law enforcement officers with the Creve Coeur Police Department are conspiring with the Social Security Administration to conceal fraud, criminal activity, and civil rights violations. He seeks "$100,000 in actual damages and $1,000,000 million in punitive damages."

After filing the complaint, plaintiff filed a document titled "Memorandum for Clerk." (ECF No. 5). Therein, plaintiff writes he noticed that cases he filed regarding law enforcement were assigned to Magistrate Judges. He writes: "I find this ironic and almost impossible that randomly all these civil cases have been assigned to Magistrate Judges. These powerful entities with unlimited funds can't be afraid of an old man? Finally, corruption and criminal activity at any level are criminal acts and makes the culprits BLATANTLY CRIMINALS. A TRILLION DOLLAR OPERATION with thousands of agents and unlimited funding are still remarkably fundamentally and systematically corrupt, racist and lack the morality and integrity of great men. Have Ye no dignity or pride?" *Id.* (emphasis in original).

**Discussion**

Having carefully reviewed and liberally construed the complaint, the Court concludes that it must be dismissed. Plaintiff states he brings this action pursuant to various federal statutes. However, none are availing. There is no indication plaintiff had an employment relationship with the defendant or any person mentioned in the complaint; therefore Title VII of the Civil Rights Act is inapplicable. Plaintiff does not allege he suffers from a disability, nor does he set forth non-conclusory allegations that he is a member of a protected class or that the defendant purposefully and intentionally discriminated against him because of his race, color or national origin. Therefore, the ADA, Title VI of the Civil Rights Act, the Rehabilitation Act, and § 1981 are unavailing. Additionally, plaintiff is alleging that state actors violated his civil rights. Therefore, his exclusive federal damages remedy lies in 42 U.S.C. § 1983. *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 731-32 (1989) (Section 1983 provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the alleged violation is by a state actor). There is no private right of action under 34 U.S.C. § 12601, as only the Attorney General may bring a civil action under that statute. *Horde v. Elliot,* 2018 WL 987683 (D. Minn. Jan. 9, 2018). Similarly, 18 U.S.C. §§ 241-242 and 245 are criminal statutes that provide no basis for any private cause of action. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241 . . ."); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Roberson v. Pearson*, 2012 WL 4128303, *1 (D. Minn. 2012) (18 U.S.C. § 245 is a federal criminal statute that does not provide for a private right of action).

The Court has considered whether the complaint states a viable claim under 42 U.S.C. § 1983, and concludes it does not. Plaintiff has named the Creve Coeur Police Department as the

sole defendant. However, the Creve Coeur Police Department is not an entity that can be sued under § 1983. Therefore, plaintiff's allegations fail as a matter of law. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities such as police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"); *see also De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983). Additionally, plaintiff's allegations would not state a claim of municipal liability. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). Finally, none of the statements in plaintiff's Memorandum for Clerk state a viable claim for relief.

For the foregoing reasons, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. (ECF No. 2).

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** as moot. (ECF No. 3).

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of August, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE